Anne Chapman (#025965)
MITCHELL | STEIN | CAREY | CHAPMAN, PC
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ 85004
Phone: 602-388-1232
Email: anne@mscclaw.com

Louis S. Fidel (#025479)
PICCARRETA DAVIS KEENAN FIDEL PC
2 East Congress Street, Suite 1000
Tucson, AZ  85701-1782
Phone: 520 622-6900
Email: lfidel@pd-law.com

Christopher B. Dupont (#014158)
TRAUTMAN DUPONT, PLC
PO Box 431
Phoenix, Arizona 85001
Phone: 602.770.8942
Email: dupontlaw333@gmail.net

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) No. 17-00339MJ-TUC-BPV |
|---|---|
| Plaintiff, | ) **MOTION TO RECONSIDER MOTION TO DISMISS PURSUANT TO RFRA** |
| v. | ) |
| Natalie Renee Hoffman, Oona Meagan Holcomb, Madeline Abbe Huse, and Zaachila I. Orozco-McCormick, | ) |
| Defendants. | ) |

The Court's pretrial Order acknowledged that Rule 12 of the Federal Rules of Criminal Procedure permits determination by pretrial motion of "any defense . . . that the court can determine without a trial on the merits." (Dkt. 136.)  The Court went on to

recognize that where the facts surrounding the commission of the alleged offense do not bear on a determination of the validity of the defense, the Court can and should make pretrial factual determinations in the context of Rule 12(b) motions. However, in reaching a decision on Defendants' Motion to Dismiss Pursuant to the Religious Freedom Restoration Act, the Court reversed course without explanation and held that a motion to dismiss is not the proper way to raise a factual defense such as Defendants' RFRA defense. This holding is an incorrect, overly broad statement of law and has serious constitutional implications for Defendants. In fact, Rule 12(d) is mandatory absent good cause – "the court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." The Court should therefore reconsider Defendants' Motion to Dismiss Pursuant to RFRA.

At issue under RFRA are the following factual determinations:

Has the government:

(1) substantially burdened;

(2) a sincere;

(3) exercise of religion. 42 U.S.C. § 2000bb-1(a), (c).

If so, the further factual issues must be resolved:

Can the government demonstrate that the burden:

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that government interest.

Framed specifically to this case, the factual issues to be raised at a pretrial hearing on RFRA include the following:

(1) Does criminal enforcement of laws prohibiting the provision of water to migrants who face death by exposure in the West Desert substantially burden the religious exercise of humanitarian aid workers who believe in the sanctity of human life; and

(2) Is enforcement of criminal laws against humanitarian aid workers for being on a Wildlife Refuge without an (invalid) permit, temporarily placing water for use by

migrants, and driving on undesignated roads the least restrictive means of serving a "compelling" government interest.

These factual issues can clearly be "determin[ed] without a trial on the merits" of whether defendants abandoned property and drove on undesignated roads. Therefore, the RFRA defense should be determined pretrial pursuant to 12 (b). The court's order does not address the several identified cases where RFRA was decided in a pretrial context, nor does the court identify what trial issues would need to be determined at a hearing on a Motion to Dismiss pursuant to RFRA.

Importantly because RFRA requires a determination of a defendant's sincerity of belief, a defendant is required to testify as to his or her belief. The Ninth Circuit has held: "The task is to decide whether the beliefs professed . . . are in [the person's] own scheme of things, religious." *United States v. Ward*, 989 F.2d 1015, 1018 (9th Cir. 1992) (emphasis added). The defendant must also establish their beliefs are sincerely held. This element is a question of fact, proven by the credibility of the party asserting a religion-based defense. *United States v. Meyers*, 95 F.3d 1475, 1482 (10th Cir. 1996). Requiring a defendant to testify at trial on RFRA issues, as opposed to pretrial - on an issue that can readily be determined without a trial on the merits - may create serious Fifth Amendment issues for defendants. Pursuant to the Fifth Amendment a defendant may exercise his or her right to remain silent and to not testify at trial. In a pretrial hearing on RFRA, a defendant's testimony will be limited to: 1) the nature of his or her beliefs; and 2) whether those belief are sincerely held. However, at trial, the issues are much broader and may involve questions relating to underlying criminal allegations to which Fifth Amendment rights apply. Forcing a Defendant to choose between exercising his or her Fifth Amendment right to remain silent on the one hand and raising a valid RFRA defense on the other is a violation of a defendant's First, Fifth, and Sixth Amendment rights.

. . .

. . .

For these reasons, the Court should reconsider its Order, hold an evidentiary hearing on Defendants' RFRA Motion to Dismiss, and grant the Motion prior to trial on the merits.

RESPECTFULLY SUBMITTED this 4th day of January, 2019.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By: */s/ Anne M. Chapman*

Anne M. Chapman
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on January 4, 2019, electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Ste. 4800
Tucson, AZ  85701
Attorneys for Plaintiff

*/s/ Julie Greenwood*